FILED
JAN 30 2014
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Reginald Woods, )
)
       Plaintiff, )
)
v. ) Civil Action No. 14-134
)
U.S. Department of Justice, )
)
       Defendant. )

## MEMORANDUM OPINION

This matter is before the Court on its initial review of the plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The application will be granted and the complaint will be dismissed pursuant to 28 U.S.C. § 1915A, which requires the Court to screen and dismiss a prisoner's complaint upon a determination that it fails to state a claim upon which relief may be granted.

The plaintiff, a prisoner at the Federal Correctional Institution in Talladega, Alabama, purports to be "a 'private' Attorney General." Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 at 3. He sues the U.S. Department of Justice but his allegations are far from clear. The plaintiff "files this complaint [to contest] the unequal application of the same law to different racial groups or peoples under the stacking provision of 18 U.S.C. § 924(c), which is a mandatory minimum that is statutorily required by operation federal law." *Id.* Claiming that he "[has] been subjected to such unconstitutional and racially discriminatory operational procedures," the plaintiff seeks monetary damages in excess of $10 million. *Id.* at 3-4.

As a *pro se* litigant, the plaintiff can represent only himself in this matter. *See* 28 U.S.C. § 1654; *U.S. ex rel. Rockefeller v. Westinghouse Elec. Co.*, 274 F. Supp. 2d 10, 15-16 (D.D.C.

1

2003) (examining cases). At best, the plaintiff is seeking monetary damages for an alleged unconstitutional sentence that he does not claim has been invalidated via a writ of habeas corpus or some other recognized authority. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). (holding "that, in order to recover damages for [an] alleged[] unconstitutional conviction or imprisonment . . ., plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus"). Therefore, this action will be dismissed for failure to state a claim upon which relief can be granted.[1]

Date: January 15, 2014    /United States District Judge

---

[1] A separate Order accompanies this Memorandum Opinion.